## PEOPLE v JEFFERY DAVIS

Docket No. 75779. Submitted May 8, 1984, at Grand Rapids.—Decided October 8, 1985. Leave to appeal denied, 424 Mich 867.

Defendant, Jeffery D. Davis, was charged with one count each of forgery and false pretenses. Allegedly, both counts were based on the following transaction. Defendant obtained a "Prestige Card" from the wallet of Richard Hall without Hall's permission. Defendant then phoned the number written on the back of the card in order to obtain emergency cash. When he identified himself over the telephone as Richard Hall, he was told to go to the Great Lakes Federal Savings Bank to obtain the money. Defendant went to the bank, presented the card, again identified himself as Richard Hall, signed a withdrawal receipt in Richard Hall's name, and was given $1,500. In return for dismissal of the forgery count, defendant pled guilty to false pretenses and was convicted, Barry Circuit Court, Hudson E. Deming, J. Defendant appealed, alleging that the plea bargain was illusory, since the double jeopardy prohibition would have prevented conviction of both forgery and false pretenses under the circumstances. Defendant claimed that he was charged with the forgery count based on his having signed the withdrawal receipt in Hall's name and that he was charged with the false pretenses count for falsely representing himself as Richard Hall and thereby obtaining the money. *Held:*

The Legislature did not intend to permit multiple punishments for the same conduct in enacting the forgery and false pretenses statutes.

Remanded to determine if the forgery count was so based and, if it was, to determine whether or not the guilty plea was nevertheless intelligent and voluntary.

1. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS.

The test for determining whether or not multiple punishment is

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law § 244.
   See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.
[2] Am Jur 2d, False Pretenses § 60.
   Am Jur 2d, Forgery § 43.

prohibited is simply a matter of legislative intent, *i.e.,* whether or not the Legislature intended to allow multiple punishment; where two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments; where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes; where no conclusive evidence of legislative intent can be discerned, the rule of lenity requires the conclusion that separate punishments were not intended.

2. FORGERY — FALSE PRETENSES — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS.

The Legislature did not intend to permit multiple punishments for the same conduct in enacting the forgery and false pretenses statutes (MCL 750.218, 750.248; MSA 28.415, 28.445).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson* and *Susan M. Meinberg),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and C. J. HOEHN,* JJ.

PER CURIAM. Defendant was charged with one count of forgery, MCL 750.248; MSA 28.445, and one count of false pretenses over $100, MCL 750.218; MSA 28.415. In exchange for dismissal of the forgery charge, which carried a potential sentence of up to 14 years' imprisonment, defendant pled guilty to the false pretenses count, which carried a potential sentence of up to 10 years' imprisonment or a $5,000 fine. He was then sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenced to serve from 3 to 10 years' imprisonment, with credit for time already served.

On appeal, defendant argues that his guilty plea should be set aside as involuntary and unintelligent because it was based upon an illusory plea bargain. Defendant contends that the bargain was illusory because double jeopardy would have barred conviction of both counts under the facts of his case. In support of this claim, defendant states that both counts were premised on the following transaction. Defendant obtained a "Prestige Card" from the wallet of Richard Hall without Hall's permission. Defendant then telephoned the telephone number written on the back of the card in order to obtain emergency cash. When he identified himself over the telephone as Richard Hall, he was told to go to the Great Lakes Federal Savings Bank to obtain the money. Defendant went to the bank, presented the card, again identified himself as Richard Hall, signed a "Prestige Emergency Cash Withdrawal Receipt" in Richard Hall's name, and was given $1,500 cash. Defendant claims that he was charged with the forgery count based on his having signed the withdrawal receipt in Hall's name and that he was charged with the false pretenses count for falsely representing himself as Richard Hall and thereby obtaining the money.[1]

---

[1] The prosecution, on appeal, does not contest the accuracy of defendant's contention that the forgery and false pretenses charges were based on the single transaction as recited by defendant. However, the prosecution correctly points out that neither the factual basis for the false pretenses count nor any document contained in the circuit court record establishes that the forgery count was based upon defendant's having signed Hall's name on the particular withdrawal slip which defendant signed to obtain the $1,500. Instead, the information merely alleges that on July 22, 1982, defendant committed both the crime of false pretenses and the crime of forgery. The forgery count is described as "[defendant] did falsely make, alter, forge or counterfeit a certain acquittance of discharge for money, or release, or any accountable receipt for money, to-wit: Prestige Emergency Cash Withdrawl [sic] Receipt, with intent to injure or defraud

Assuming the correctness of this representation by defendant, we find that the prohibition against placing a person twice in jeopardy, Const 1963, art 1, § 15, would bar conviction and punishment for both charged crimes. In *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984), the Supreme Court stated that the test for determining whether or not multiple punishment is prohibited is simply a matter of legislative intent, *i.e.,* whether or not the Legislature intended to allow multiple punishment. 419 Mich 485. The Supreme Court then went on to elucidate several general, nonexclusive principles for use in determining that intent. First, the Court stated that, "[w]here two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments". 419 Mich 487. The Court then referred to the amount of punishment expressly authorized by the Legislature: "Where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes." 419 Mich 487. Finally, if no conclusive evidence of legislative intent can be discerned, the Court stated that "the rule of lenity requires the conclusion that separate punishments were not intended". 419 Mich 488.

Application of these principles to the crimes charged in this case strongly suggests that the Legislature did not intend to permit multiple punishment. Both the forgery and false pretenses

Richard Hll * * *". From this it appears that both charged crimes were committed to obtain the same $1,500, but this fact will have to be established by the trial court on remand. However, because of the strong likelihood of the crimes being part of this transaction, and in the interests of judicial economy, we will address the merits of defendant's double jeopardy argument at this time.

statutes seek to protect property against depredation by fraud. The false pretenses statute carries a 10-year maximum sentence and prohibits the use of false documents or other devices to intentionally defraud a person of property. The forgery statute punishes more severely (a maximum sentence of 14 years) and prohibits the *making* of a false instrument for use in intentionally injuring or defrauding a person. It thus appears that the Legislature intentionally increased the penalty for the more serious conduct of the person who originally creates the false document or other instrument. Finally, the rule of lenity also weighs in favor of prohibiting multiple punishment in this case where commission of the forgery was necessary to the successful accomplishment of the crime of obtaining the money by false pretenses. We conclude that, if the charge of forgery was based upon defendant's having signed the name of Richard Hall to the Prestige Emergency Card Withdrawal Receipt in order to obtain the $1,500 cash, he could not have been convicted and punished for both crimes.

Under these circumstances, we remand to the trial court for an evidentiary hearing. The trial court is first to determine whether or not the forgery charge was based upon the above-mentioned act of defendant. If the court determines that it was, the court is then to determine whether or not the guilty plea was nevertheless intelligent and voluntary. See *People v Hand,* 411 Mich 887 (1981), and *People v Phillip Smith,* 407 Mich 906; 289 NW2d 928 (1979). If the court determines that the plea was involuntary and unintelligent, defendant is to be permitted to withdraw his guilty plea. If, however, the court finds that the plea was intelligent and voluntary, defendant's conviction is affirmed. We do not retain jurisdiction.